# Supreme Court of Texas

No. 21-0711

Andrew M. Thomson, CDG Peeler Family Limited Partnership,
Cynthia L. Littlefield, The Dick Family Irrevocable Trust, Gordon
G. Thomson, Jane Elizabeth Erzen, Larry Wayne McCarty, Linda
M. Ball, Michael David Dick, North Thomson Oil and Gas LP,
Patricia P. Fleming, Paul W. Peeler Family Limited Partnership,
Sandra Shannon Collins, Shannon Family Trust, Thomson Oil &
Gas Investments LP, Coconut Point St, LLC, Coconut Point OE,
LLC, Colonial Villa Estates, LLC, Laze Daze KLA, LLC,
Whispering Pines Mobile Home Park, Ltd., and R & H Paul, Inc.,

*Petitioners*,

v.

Kent B. Hoffman, Susan Hoffman Binieck,
E. Peter Hoffman, Jr., and Marni H. Cooney,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fourth District of Texas

**PER CURIAM**

Justice Lehrmann did not participate in the decision.

This case concerns a familiar question of deed construction within
the oil and gas context: whether a royalty interest is fixed or floating. A

1956 deed expressly reserved

> an undivided three thirty-second's (3/32's) interest (same being three-fourths (3/4's) of the usual one-eighth (1/8th) royalty) in and to all of the oil, gas and other minerals. . . .

Other parts of the deed then referred only to 3/32 without using the double-fraction description. The question presented is whether the reservation was a floating 3/4 interest of the royalty—whatever it may be—rather than a fixed 3/32 interest.

The court of appeals held that the reservation was a floating 3/4 interest. 630 S.W.3d 427, 436 (Tex. App.—San Antonio 2021). The court reasoned that the deed used the term "3/32" merely as a substitute for the longer double-fraction description and that the longer description of the reservation used the term "1/8" as a placeholder for the royalty interest generally. *Id.* at 434.

The court of appeals' decision in this case preceded our most recent double-fraction case, *Van Dyke v. Navigator Group*, 668 S.W.3d 353 (Tex. 2023). We there held that antiquated mineral instruments containing "1/8" within a double fraction raise a rebuttable presumption that 1/8 was used as a term of art to refer to the *total* mineral estate, not simply one-eighth of it. *Id.* at 359. Because nothing rebutted the presumption in *Van Dyke*, we held that, as used in the 1924 deed at issue, "'one-half of one-eighth' equal[ed] one-half of the mineral estate." *Id.* at 357.

Nothing displaced the presumption in *Van Dyke* itself, but we emphasized that the presumption is "genuinely rebuttable." *Id.* at 364. "A rebuttal could be established by express language, distinct provisions that could not be harmonized if 1/8 is given the term-of-art usage . . . ,

2

or even the repeated use of fractions *other* than 1/8 in ways that reflect that an arithmetical expression should be given to all fractions within the instrument." *Id.* Accordingly, in a double-fraction case, "1/8" will be regarded as a term of art unless the text or structure of the instrument rebuts the presumption, which would require giving "1/8" its arithmetical meaning instead. A third and rarer possibility is that the text may be inescapably ambiguous because "an instrument may have enough textual evidence to drain confidence in the presumption yet insufficient evidence for a court to conclude that a reasonable reader at the time would have understood the instrument to require mere multiplication." *Id.* at 365.

The parties to this case filed briefs on the merits in this Court before we heard or decided *Van Dyke*. Once we issued that opinion, the parties submitted letter briefs in which they disputed the ways in which this case and *Van Dyke* are alike and different and how the analytical framework described in *Van Dyke* should apply here.* The court of appeals, however, did not have the benefit of our decision or the parties' competing responses to it. The analytical framework introduced in *Van Dyke*, while consistent with our precedents, *see id.* at 364, presents a new legal formulation, which is why the parties have focused so heavily

---

* The parties debate several such differences. For example, in *Van Dyke*, the deed at issue was executed in 1924, reserved a fraction of the entire mineral estate, and described the interest by using a double-fraction expression ("one-half of one-eighth") without ever actually referring to the product of the multiplication (i.e., "1/16"). By contrast, the deed in this case was executed in 1956, reserved only an interest in the royalty, and used *both* a double fraction *and* the arithmetical product of that double fraction ("3/32") to describe the interest reserved, possibly as a definition. We express no view as to whether those or other differences are material or whether they are sufficient to rebut the presumption.

on it in their supplemental briefing.  We conclude that the most prudent course is for the court of appeals to apply *Van Dyke* to this record in the first instance.  The parties should develop and present their arguments to that court.

Because the parties and the court of appeals did not have the opportunity to evaluate this case in light of the framework articulated in *Van Dyke*, we conclude that a remand to the court of appeals "for further proceedings in light of changes in the law" is appropriate.  TEX. R. APP. P. 60.2(f).  Accordingly, without hearing oral argument, TEX. R. APP. P. 59.1, we grant the petition for review, vacate the court of appeals' judgment, and remand the case to that court for further proceedings.

**OPINION DELIVERED:** September 1, 2023